IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES DENMARK-WAGNER,

                Plaintiff,

    v.                                  CASE NO. 12-3169-SAC

CORRECT CARE SOLUTIONS, et al.,

                Defendants.

## O R D E R

Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility (HCF) in Kansas, filed a pro se complaint seeking relief under 42 U.S.C. § 1983.

**Motion to Proceed In Forma Pauperis, 28 U.S.C. § 1915**

Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**Screening of the Complaint, 28 U.S.C. § 1915A**

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a

party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Having reviewed the complaint, the court finds it is subject to being summarily dismissed as stating no claim upon which relief can be granted under § 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff seeks monetary, injunctive, and declarative relief on allegations that defendants are violating his constitutional rights by acting with deliberate indifference to his serious medical needs. Plaintiff documents his complaints in 2010 and 2011 of groin pain from a hernia, and that the medical care provided in response has been ineffective and inadequate. Plaintiff further states his hernia pain is not being treated in the proscribed manner, which plaintiff contends is surgery pursuant to his reading of information provided by the Mayo Clinic about hernias. The defendants named in the complaint are the Secretary of the Kansas

Department of Corrections (KDOC), the HCF Warden, Correct Care Services (CCS), and nine CCS medical staff at HCF.

*Constitutional Standard*

"[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy this constitutional standard, a prisoner plaintiff must be able to prove that (1) objectively, the prisoner's medical needs were "sufficiently serious," and (2) subjectively, the prison official acted with a "sufficiently culpable state of mind." *Self v.* Crum, 439 f.3d 1227, 1230-31 (10th Cir.2006).

A medical need is serious "if the condition has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir.2001)(quotation omitted). A showing of deliberate indifference requires that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, plaintiff states that medical staff has repeatedly provided Tylenol and a hernia belt truss to address his complaints of hernia pain, for which. Although plaintiff insists his pain continues, states his truss is uncomfortable and ineffective, and contends surgery is appropriate as a long term solution, this is insufficient to allege a constitutionally significant claim.

Even if the court were to assume that plaintiff sufficiently alleged a serious medical need, plaintiff's allegations are

insufficient to plausibly find that any defendant acted with deliberate indifference in addressing plaintiff's medical complaints. Instead, plaintiff's allegations constitute nothing more than either a claim of negligent medical treatment or a difference of opinion between him and the prison medical providers as to what constitutes adequate medical treatment for his condition. It is well settled, however, that neither negligent treatment nor an inmate's mere disagreement with the treatment provided states a federal constitutional violation. Plaintiff's bald allegation - that surgery is the appropriate medical standard and proscribed treatment - is insufficient to establish that the treatment being provided is constitutionally inadequate.

*Personal Participation*

Nor does plaintiff identify each defendant's personal participation in the alleged deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976)(personal participation is an essential allegation in a § 1983 action). "[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir.2006). A defendant cannot be held liable in a civil rights action based solely upon his or her supervisory capacity. *Sandifer v. Green*, 126 Fed.Appx. 908, 909 (10th Cir.2005).

Here, plaintiff alleges only that the KDOC Secretary and the HCF Warden denied plaintiff's administrative appeals However, personal participation cannot be shown based solely upon one's denial of an administrative grievance. *Gallagher v. Shelton*, 587 F.3d 1063, 1069

(10th Cir.2009).

Plaintiff names nine CCS staff as defendants, but specifically identifies only CCS Administrator Lundry's responses to plaintiff's queries, telling plaintiff that there was no established protocol for treatment of an Inguinal hernia; that there was no definitive method for determining the severity of pain being reported by a patient; and that there would be no change in plaintiff's treatment or medication.

To the extent plaintiff seeks relief from CCS, plaintiff identifies no deprivation of necessary medical treatment pursuant to a CCS policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir.2003)(applying requirements in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to private § 1983 defendants providing governmental services).

### Show Cause Order to Plaintiff

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.  Plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff renewing this request if this action is  not summarily dismissed pursuant to § 1915A(b) and § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days

to show cause why the complaint should not be dismissed as stating no claim for relief for the reasons identified by the court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 15th day of January 2013 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge