IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES DENMARK-WAGNER,**

           **Plaintiff,**

    v.                                 CASE NO. 12-3169-SAC

**CORRECT CARE SOLUTIONS, et al.,**

           **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility (HCF) in Kansas, proceeds pro se and in forma pauperis in this action seeking relief under 42 U.S.C. § 1983.

Plaintiff seeks monetary, injunctive, and declarative relief on allegations that defendants are violating his constitutional rights by acting with deliberate indifference to his complaints of hernia groin pain. The defendants named in the complaint are the Secretary of the Kansas Department of Corrections (KDOC), the HCF Warden, Correct Care Services (CCS), and nine CCS medical staff at HCF.

The court reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), and on January 15, 2013, directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief under § 1983 against any named defendant.

In response, plaintiff submitted a motion for leave to amend the complaint to address deficiencies identified by the court. The court grants this motion. See Fed.R.Civ.P. 15(a)(a)(allowing amendment of

the complaint "once as a matter of course"). Having reviewed the complaint as amended, the court continues to find no claim for relief under § 1983 is stated against any defendant in the amended complaint.

*Additional Defendants in the Amended Complaint*

In his amended complaint, plaintiff now names the State of Kansas, the Kansas Department of Corrections, and the Hutchinson Correctional Facility as additional defendants.

Eleventh Amendment sovereign immunity, however, bars plaintiff's claim for damages against the State of Kansas, a state agency, and state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(neither a State nor its officials acting in their official capacities are "persons" under § 1983). The State of Kansas has not waived immunity under 42 U.S.C. § 1983, nor has its immunity been abrogated for § 1983 lawsuits. *See Saunders ex rel. Rayl v. Kansas Dept. of Social and Rehabilitation Services*, 317 F.Supp.2d 1233, 1241 (D.Kan. 2004).

Also, the Hutchinson Correctional Facility is not a separate legal entity subject to suit. *See Aston v. Cunningham*, 216 F.3d 1086, 2000 WL 796086 at *4 n.3 (10th Cir.2000)("a detention facility is not a person or legally created entity capable of being sued")(unpublished).

*No Claim for Relief under § 1983 in the Amended Complaint*

Plaintiff continues to acknowledge that he has been provided pain

medication and a truss to address his hernia pain, continues to claim this treatment is inadequate, and continues to ask the court for an order requiring defendants to have plaintiff evaluated by a specialist for better treatment options including surgery. As explained in the show cause order, however, plaintiff's disagreement with the treatment being provided is insufficient to state a plausible constitutional claim of deliberate indifference to plaintiff's health and safety.

Additionally, plaintiff's collective grouping of defendants as generally involved in evaluating and denying plaintiff's sick call requests is insufficient to establish each defendant's personal involvement in the alleged constitutional violation, and plaintiff's continued reliance on the supervisory status of the HCF warden and the KDOC Secretary is insufficient to support liability under § 1983. While plaintiff now contends that CCS has *failed* to promulgate a policy about how hernia pain is to be evaluated, this is insufficient to demonstrate that plaintiff was deprived of necessary medical treatment pursuant to a CCS policy or custom.

Accordingly, the court finds the amended complaint fails to set forth a factual or legal basis to plausibly find defendant named in the amended complaint acted with deliberate indifference to plaintiff's complaints of pain and requests for alternative treatment. Plaintiff was afforded an opportunity to address deficiencies to avoid summary dismissal of the original complaint,

and those same deficiencies remain in the amended complaint plaintiff filed in response. Thus for the reasons stated herein and in the show cause order dated January 15, 2013, the court concludes the amended complaint should be dismissed as stating no claim for relief under 42 U.S.C. § 1983.[1] *See* 28 U.S.C § 1915A(b) *and* 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 6) for leave to amend the complaint is granted; that the amended complaint is dismissed as stating no claim for relief; and that plaintiff's second motion for appointment of counsel (Doc. 7) is dismissed as moot.

**IT IS SO ORDERED.**

DATED: This 24th day of June 2013 at Topeka, Kansas.

                                                s/ Sam A. Crow
                                                SAM A. CROW
                                                U.S. Senior District Judge

---

[1] In the amended complaint, plaintiff also seeks relief on a claim of negligent infliction of emotional distress. Finding no cognizable constitutional claim, the court declines to exercise supplemental jurisdiction over this tort claim under state law. *See* 28 U.S.C. § 1367(c)(3)(stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").